```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

DEANES L. ROWEDDER,

                Plaintiff,

vs.                          Case No. 2:04-cv-516-FtM-29SPC

WATERFORD AVIATION, LLC, WATERFORD
MANAGEMENT, INC., and DON E. LESTER,

                Defendants.
_____/

### OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Entry of Default Judgment (Doc. #34) and Motion for Costs and Attorneys' Fees (Doc. #37), originally filed on October 31, 2005.[1] The Court finds that an evidentiary hearing is not required in this case and will render a decision based on the documents submitted.

**I.**

The Complaint was initiated on August 31, 2004. The three count Complaint (Doc. #1) alleges that defendant Don E. Lester, as President or CEO of both defendant corporations Waterford Aviation, LLC and Waterford Management, Inc. had the authority to bind and obligate the companies by his actions and statements. (Doc. #1, ¶ 6). On December 15, 2003, the parties negotiated contract terms for the sale of a Beechcraft Baron aircraft by electronic mail. On December 24, 2003, the terms were finalized by way of an Aircraft

---

[1] The Court notes that no supporting memorandum of law was provided. See Local Rule 3.01(a).

Purchase Agreement. Defendants failed to timely tender payment for the aircraft thereby breaching the contract. (Id. at ¶¶ 8-10). Plaintiff seeks damages for the breach of contract. In the alternative, plaintiff seeks damages for the breach of an implied or oral contract. Plaintiff also alleges fraudulent misrepresentation with regard to the intent and financial ability to timely tender payment. Plaintiff states that she has suffered damages for the lost value of the aircraft and lost use and enjoyment of the aircraft. Plaintiff further states that she has incurred significant costs.

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established . . . . A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." Nishimatsu Constr. Co., Ltd., v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)(citations omitted).[2]

## II.

Initially, defendants filed an Answer and Affirmative Defenses (Doc. #8) denying the allegations and asserting the following relevant defenses: (1) that the allegations do not assert a claim

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

against Don E. Lester individually or Waterford Management, LLC; and (2) that the allegations of fraud are not pleaded with particularity and are otherwise barred by the economic loss rule.

On February 14, 2005, the Court allowed counsel for defendants to withdraw. (Doc. #20). On February 21, 2005, the Court directed corporate defendants to obtain counsel pursuant to Local Rule 2.03(d). (Doc. #21). Finding no Notice of Appearance, the Court issued an Order to Show Cause (Doc. #22) directing defendants to show cause why a default should not be entered against them for failure to obtain counsel. The docket reflects that the Order to Show Cause (Doc. #22) was mailed to the individual defendants. On May 6, 2005, finding no response, the Court granted a request for a default. A Clerk's Entry of Default (Doc. #25) was entered against Waterford Aviation, LLC and Waterford Management, Inc. on May 9, 2005.

On August 15, 2005, the Court directed defendant Don E. Lester to show cause why a default should not be entered against him for failure to participate in the filing of a Joint Case Management Report. Again finding no response, the Court directed the entry of a default. A Clerk's Entry of Default (Doc. #32) was entered against Don E. Lester on August 30, 2005.

The Affidavits of Service (Doc. #33) reflect that service of process was executed on September 27, 2004, at 11:08 A.M. by serving Don E. Lester personally and as registered agent for the two corporations. It would appear that all necessary prerequisites

for a default judgment have been established. <u>See</u> Fed. R. Civ. P. 55(a).

**III.**

As plaintiff's claims against defendants are for a sum certain, or a sum which can by computation be made certain, plaintiff filed, pursuant to Fed. R. Civ. P. 55(b)(1), the instant motion for entry of a default judgment. (Doc. #34). Federal Rule of Civil Procedure 55(b)(1) provides that when a "claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment."

By Affidavit in Support of Final Judgment Damages (Doc. #35), plaintiff states that she has suffered damages totaling $86,819.30. More specifically, plaintiff asserts the following damages since the time of the breach: (1) $30,000 for value lost; (2) $22,000 in interest paid on the loan to secure to aircraft; (3) $8,000 for annual inspections of the aircraft; (4) $5,000 in insurance costs; (5) $5,000 for the hangar; (6) $2,000 in travel costs to tender the aircraft for delivery; (7) $5,069.30 in costs for being unable to receive a lower interest rate and to refinance the loan; and (8) $9,750 for billable hours in negotiating the contract.

The Court finds that plaintiff is entitled to the value lost, interest, annual inspection costs, insurance costs, the hangar costs, and the travel costs. The Court is not inclined to award

damages stemming from a higher rate of interest on the loan. The volatility of interest rates and the market do not justify compensation for the inability to refinance and it is unlikely that any agreement reached between the parties contemplated such costs. The Court also declines to award attorney fees to plaintiff merely because she happens to be an attorney. Plaintiff is represented in this matter by counsel who is seeking compensation and those fees will be considered separately.

The Court finds that damages can be determined without an evidentiary hearing and for a sum certain. The Court awards plaintiff damages in the amount of **$72,000**.

**IV.**

By Affidavit in Support of Plaintiff's Motion for Costs and Attorneys' Fees by Chad M. Tatum (Doc. #36), plaintiff seeks $688.78 in costs and $22,425.00 in attorney fees. As an initial matter, regardless of plaintiff's reassurances that there are other terms not included in the Aircraft Purchase Agreement, see Complaint at ¶ 9, there are no documents provided supporting an award of attorney fees. The contract does not provide for an award of fees or costs, and the Court will not award attorney fees without a contractual or statutory basis. See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975).

As to the request for costs, plaintiff is entitled to authorized costs as a prevailing party. The Court finds that

plaintiff is the prevailing party under Fed. R. Civ. P. 54 and under this Rule, costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). "[Title 28 U.S.C.] Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). These include fees of the Clerk and Marshal and fees for copies. See 28 U.S.C. § 1920(1) and (4).

**A.**

Plaintiff seeks $150.00 in expenses for the filing fee with the Clerk of Court. (Doc. #36, p. 7). As the filing fee of the Clerk is a allowable cost under §1920, the Court will tax the **$150.00** filing fee. See 28 U.S.C. § 1920(1); 28 U.S.C. § 1914.

**B.**

Plaintiff also seeks reimbursement for service of process. (Doc. #36, p. 7). Costs incurred as a result of private process servers may be taxed under 28 U.S.C. § 1920(1), so long as the amount does not exceed the statutory limit. United States EEOC v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000). Under 28 C.F.R. § 0.114(3), the United States Marshal charges $45.00 per hour for each item served personally plus travel costs and any other out-of-pocket expenses. Plaintiff seeks $45.00 for service of process on

each of the corporate defendants and $135.00 for Don E. Lester.[3] The Court finds that the amounts are within the statutory limit and allowable. The Court will tax costs in the amount of **$225.00**.

**C.**

Under 28 U.S.C. § 1920(4), only costs for "copies of papers necessarily obtained for use in the case" may be taxed. "Charges for extra copies and for documents prepared for convenience, preparation, research, or for the records of counsel are not taxable." Maris Distrib. Co. v. Anheuser-Busch, Inc., 2001 WL 862642, *4 (M.D. Fla. 2001)(citing Goodwall Constr. Co. v. Beers, 824 F. Supp. 1044, 1065 (N.D. Ga. 1992)). Plaintiff seeks $39.90 for copying costs. Finding the amount to be reasonable, the Court will tax costs in the amount of **$39.90**.

**D.**

The Court finds that the additional expenses sought for postage, telephone use, and research are not taxable costs under 28 U.S.C. § 1920 and constitute overhead expenses. The Court will therefore deny the request as to the remaining expenses.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion for Entry of Default Judgment (Doc. #34) is **GRANTED** and plaintiff's Motion for Costs and Attorneys'

---

[3]It would appear that additional addresses were required to execute service of process required an additional $90.00 expenditure.

Fees (Doc. #37) is **GRANTED IN PART** to the extent that plaintiff is awarded $72,000 in damages and $414.90 in taxable costs.

    2.  The Clerk shall enter judgment in favor of plaintiff and against all defendants in the amount of $72,000, and taxing costs in the amount of $414.90.

    3.  The Clerk is further directed to terminate all remaining motions and deadlines as moot and close the case.

    **DONE AND ORDERED** at Fort Myers, Florida, this ___6th___ day of December, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
DCCD